UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24730-Civ-SCOLA/TORRES

A&E ADVENTURES LLC,

    Plaintiff,

v.

GCTC HOLDINGS LLC,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on GCTC Holdings LLC's ("Defendant") motion for attorneys' fees. [D.E. 22]. On February 20, 2020, A&E Adventures LLC ("Plaintiff") responded to Defendant's motion [D.E. 23]. The parties also previously briefed the relevant issues in Defendant's motion to reopen the case, Plaintiff's response to that motion, and Defendant's subsequent reply. [D.E. 18, 19, 20]. The Honorable Robert N. Scola, Jr. referred the motion to the undersigned Magistrate Judge on February 7, 2020. [D.E. 23]. Defendant's motion is now ripe for disposition. After careful consideration of the motions, responses, reply, and relevant authority, and for the reasons discussed below, Defendant's motion should be **DENIED**.

1

## I.   BACKGROUND

Defendant, a Delaware limited liability company with several of its members being citizens of Florida, owns and operates the Gulf Coast Town Center, a shopping center in Fort Myers, Florida. Plaintiff, a Florida limited liability company, leases space from Defendant at the shopping center to operate a full-service restaurant, an amusement complex with video games, and a bar. The lease agreement between the parties provides for reimbursement to the prevailing party of court costs, reasonable attorney's fees, and all other reasonable expenses in any litigation between the parties. On November 14, 2019, Plaintiff filed a complaint with this Court alleging that Defendant had breached their lease agreement because it was overcharging Plaintiff for water utilities and for constructing a fence outside Plaintiff's business that created an outward appearance that Plaintiff's business was closed. [D.E. 1].

On November 25, 2019, Plaintiff moved for an emergency temporary restraining order to remove the fence as Plaintiff claimed it was now completely blocking access to Plaintiff's business. [D.E. 9]. On December 2, 2019, photographs attached to Defendant's response to the emergency motion showed the fence was not blocking access to Plaintiff's business. [D.E. 11]. On the same day, Defendant moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction because several members of its limited liability company are citizens of Florida. [D.E. 12]. Two days later, Plaintiff withdrew its emergency motion as moot. [D.E. 15]. A week after that, Plaintiff gave notice of its voluntary dismissal of the action without prejudice. [D.E. 16]. Subsequently, Plaintiff re-filed this action against Defendant in state court, where it is pending.

## II.     ANALYSIS

Because Plaintiff withdrew its emergency motion for a temporary restraining order and voluntarily dismissed the case without prejudice, Defendant seeks attorneys' fees on the basis that it was the "prevailing party." Defendant argues that it must be considered a prevailing party as a matter of law because Plaintiff voluntarily dismissed the case without prejudice. In response, Plaintiff argues that the Court does not have subject matter jurisdiction to adjudicate the motion.

Under the "American Rule", parties are "ordinarily required to bear their own attorney's fees," because the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). The "American Rule" can be overcome, however, by "an enforceable contract allocating attorney's fees." *Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448 (2007). There is no dispute here that the parties' contractual relationship permits a fee award to a prevailing party in litigation. We therefore next need to determine if there is a prevailing party.

Federal courts sitting in diversity jurisdiction typically apply the law of the forum state when deciding on a motion for attorneys' fees. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001). Thus, our dispute is governed by Florida law. Under Florida law, when a plaintiff voluntarily dismisses an action, the defendant can be the prevailing party. *See Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990) (citing *Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp.*, 493 So. 2d 1136 (Fla. 4th DCA 1986)); *but see Stelor Prods., L.L.C. v. Silvers*, 2006 WL 8435228,

3

at *4 (S.D. Fla. July 18, 2006), *report and recommendation adopted sub nom, Stelor Prods., LLC v. Silvers*, 2006 WL 8435227 (S.D. Fla. Oct. 4, 2006) ("*Thornber* [was] decided prior to the Florida Supreme Court's decision in *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807 (Fla. 1992) . . . . Thus, at a minimum, the holding[] in *Thornber*, [is] called into doubt and may no longer be good law. Consequently, the undersigned declines to follow *Thornber* . . . to the extent [it] ha[s] been overruled by *Moritz*).

This general rule includes voluntary dismissals without prejudice. *See, e.g., Flava Works, Inc. v. A4A Reseau, Inc.*, 2018 WL 1863638, at *5 (S.D. Fla. Feb. 13, 2018), *report and recommendation adopted*, 2018 WL 1859322 (S.D. Fla. Mar. 15, 2018) (citing *Yampol v. Schindler Elevator Corp.*, 186 So. 3d 616, 617 (Fla. 3d DCA 2016)). Further, *Thornber* applies to "contractual provisions awarding attorney's fees." *Alhambra Homeowners Ass'n, Inc. v. Asad,* 943 So. 2d 316, 318 (Fla. 4th DCA 2006).

Plaintiff asks us to apply the "material alteration" test outlined in *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807 (Fla. 1992). However, *Moritz* applies "only where there might be some confusion as to who actually is the prevailing party—where neither party has fully won nor fully lost, but both potentially can claim attorneys' fees." *Nukote Int'l, Inc. v. Office Depot, Inc.*, 2010 WL 4942838, at *1 (S.D. Fla. Nov. 30, 2010) (quoting *Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420, 421 (Fla. 1994)).* The only party which could have prevailed at this stage of the litigation, if any, is Defendant. Accordingly, *Moritz* does not apply. *See Black Diamond Props., Inc. v. Haines,* 36 So. 3d 819, 822 (Fla. 5th DCA 2010) (explaining that *Moritz* does not apply when a plaintiff files a voluntary dismissal).

4

If we applied the general rule from *Thornber* here, it would result in Defendant being the prevailing party because Plaintiff voluntarily dismissed the case without prejudice. However, there is an important wrinkle in this case that distinguishes it from *Thornber* and its progeny; the parties agree that the Court does not have subject matter jurisdiction to adjudicate the parties' claims. In the words of Defendant in its motion to dismiss: "this Court lacks subject matter jurisdiction over [Plaintiff's] lawsuit due to the lack of complete diversity between the parties." [D.E 12]. We agree that we do not have subject matter jurisdiction in this case because citizens of Florida are clearly on each side.

The Court therefore finds this case most similar to *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186 (S.D. Fla. 2019). In *Ffrench*, the court determined there was no "prevailing party." And the defendant was not entitled to attorneys' fees because the plaintiff's suit was dismissed by the court for lack of complete diversity among the parties. *Ffrench*, 418 F. Supp. 3d at 1190; *cf. Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990) (lack of subject matter jurisdiction barred fee award). *Ffrench* premised its holding on the fact that the legal relationship between the parties had not changed whatsoever because it had not adjudicated the merits of the case, and the plaintiff was free to refile the suit in Florida state court. 418 F. Supp. 3d at 1190 ("The Supreme Court of the United States has held that, for a party to be 'prevailing,' there must be a judicially sanctioned change in the legal relationship of the parties.") (citing *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Servs.*, 532 U.S. 598, 605 (2001)).

Because neither party references a single case that aligns with the set of facts here, we find *Ffrench* the most persuasive case to follow. The only difference is minor; the *Ffrench* court dismissed the action before them, but we did not have the opportunity to do so here. The key similarities are the legal relationship between the parties has not changed, we have not ruled on the merits of the case, and Plaintiff has re-filed the action in Florida state court.

Further support exists for our conclusion. In *Interim Healthcare, Inc. v. Suncoast Loving Care, LLC,* for instance, our court dismissed a case based on lack of subject matter jurisdiction, but without prejudice to the case being refiled in state court. 2018 WL 6620314 (S.D. Fla. Nov. 28, 2018). As a result, the Court did not deem the defendant a prevailing party under Florida law because the legal relationship of the parties was never altered. The Court relied upon earlier cases in this Court, relying on other Florida state court cases, which held that dismissals on jurisdictional grounds did not provide grounds for prevailing party status to justify a fee award under Florida law. *See Sanchez v. Swire Pacific Holdings, Inc.,* 2009 WL 2005272, at *4 (S.D. Fla. July 9, 2009) (citing *Shaw v. Schlusemeyer,* 683 So. 2d 1187, 1188 (Fla. 5th DCA 1996) (denying motion for fees upon dismissal without prejudice; "The dismissal was based on procedural grounds and not a determination of any significant issue in the case. Importantly, the instant dismissal order did not bring the litigation to an end.")).

Plaintiff argues that the ruling in *Ffrench* does not apply here because it drew a distinction between voluntary and involuntary dismissals. Specifically, *Ffrench* noted that when a plaintiff voluntarily dismisses its action, "it has voluntarily chosen

to withdraw the suit for whatever reason," but when a plaintiff's action is involuntarily dismissed by a court for lack of subject matter jurisdiction, it is the court that controls the dismissal. 418 F. Supp. 3d at 1192. This argument is not convincing when there is no doubt that the Court lacks subject matter jurisdiction and would have eventually dismissed the case for that reason. This is consistent with *Ffrench* because it was only distinguishing when a plaintiff withdraws a suit for "whatever reason," not when the reason is crystal clear.

Therefore, because Plaintiff voluntarily dismissed the action without prejudice, *and the parties agree the Court lacks subject matter jurisdiction*, there is no prevailing party. Accordingly, Defendant should not be entitled to attorneys' fees. Ruling otherwise could either: (1) incentivize future plaintiffs, that know subject matter jurisdiction is lacking after learning that diversity does not exist, to wait for the court to dismiss their claims instead of voluntarily dismissing the case just to avoid paying attorneys' fees, which would be inefficient and a waste of judicial resources, or (2) punish a plaintiff for lacking knowledge of a defendant's citizenship. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.").

Moreover, a federal court is a court of limited jurisdiction. Any time that subject matter jurisdiction is found to be lacking, the litigation must cease and that includes enforcement of earlier orders. If jurisdiction is lacking, any remaining

7

process in the federal court is "void," even for purposes of enforcing those orders by contempt. *See, e.g., U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 76 (1988). So here, it would be improper to enter any further affirmative relief, including an award of fees, which this Court cannot enforce even by contempt if the fees are not paid. The absence of subject matter jurisdiction by definition precludes any further litigation before this Court. So for that basis as well, we are in no position to award any fees in this case. Defendant is also not without a remedy. If it prevails in the state court action, Defendant is free to request that any fees generated in this faulty federal action be included. That would be a matter the state court judge can consider. For now, the motion for fees should be denied, again not on the merits but based on our overall lack of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendant's motion for attorneys' fees [D.E. 22] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 16th day of April, 2020.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge
